## Case No. 13,988.

THORNE v. The VICTORIA.

[21 Betts, D. C. MS. 63.]

District Court, S. D. New York. March Term, 1852.

ADMIRALTY — COSTS — HOW AWARDED — STATUTE — PROCTOR'S COSTS.

[Cited in U. S. v. One Package Ready-Made Clothing, Case No. 15,950, to the point that the act of 1853 excludes all costs to officers of the court which are not specifically appointed by the statute.]

[This was a libel by Charles E. Thorne against the schooner Victoria and George Coombs, master.]

Before BETTS, District Judge.

(1) The bill of costs made up by the proctor of the libellant, and submitted to the clerk for taxation, is not authorized by the existing law, and the appeal from the decision of the clerk cannot be maintained.

(2) The act of congress of February 26, 1853 [10 Stat. 161], was manifestly intended to make specific allowances in all cases of costs, taxable by officers of the United States courts, and in relation to attorneys, solicitors, and proctors, alike in respect to adversary parties and their own clients. Title of act and clause 12 of section 1. This legislative purpose and policy the courts will carry out in good faith, and, as the act is remedial, with a liberal interpretation, it now supplies the only law of costs, and indeed takes from courts all implied authority to award them. 3 Denio, 174; 1 Sandf. 669.

(3) The repealing provisions embrace not only costs previously appointed and allotted by statute, but those given by rules or regulations of the courts. Section 5 and introductory clause.

(4) Costs in admiralty courts are not of statutory appointment, and are usually given at the discretion of the courts, whether specified in each particular decree, or awarded in conformity to general regulations of the courts. Ben. Adm. 550; 2 Conk. Prac. 778, 779.

(5) Advocates in admiralty and counsel in common law and equity cases have no fees allotted to them under those titles by the act in question. They cannot claim costs by force of usages or regulations of the court, those being explicitly abrogated by the act (section 5); and, if this was not so in terms, the allowance must be denied as contrary to the manifest scope and intent of the statute.

(6) For although counsel and attorneys are distinct officers, performing different functions, and receiving and holding their offices under distinct appellations (U. S. Sup. Ct. Rules, Feb. 5, 1790), and proctors and advocates in admiralty correspond to those law officers (1 Conk. Adm. Prac. 355; Betts, Adm. 9, 10), yet the attorney and proctor are the stamen of their respective orders, and are only subdivided in names

and functions for the convenience, or pursuant to the usages, of the tribunals in which they practice (Jac. Law Dict. "Attorney, Proctor," etc.).

(7) In admiralty, the proctor is the only proxy of the party known upon the act or dockets of the court, and, in strictness, advocates are but a class of proctors, and not independent officers, in the constitution of that court. Clarke, Praxis, tit. 8 (Hall's annotations). The advocates in ecclesiastical and maritime courts and counsellor in courts of law are officers of correspondent grades and services. Jac. Law Dict. "Vore."

(8) The act of February 26, 1853, would thus naturally be interpreted as implying the term "proctor" to embrace all proxies of the party in an admiralty cause, as does "attorney" and "solicitor" those in common-law and equity cases.

(9) There is but a single fee allowed by the statute to be taxed to this class of officers for services in an admiralty cause, and that is a docket fee, and the act assumes to designate and fix the whole compensation to those officers for their services in any cause, as against the adversary party.

(10) There is a good deal of obscurity in the frame of those provisions, but that apparently results from the act being penned particularly with a view to regulate the costs taxable by United States district attorneys; and that the clause including all attorneys, solicitors, and proctors in the United States courts was probably interpreted without a technical adaptation of phraseology to antecedent and subsequent clauses.

The taxation of the clerk is confirmed, and the appeal therefore dismissed.